Walters vs. The St. Joseph Fire & Marine Insurance Company.

WALTERS VS. THE ST. JOSEPH FIRE & MARINE INSURANCE COMPANY.

FIRE INSURANCE. *Cancellation of policy. Estoppel.*

Plaintiff, having insurance in a Chicago company on certain property for five years from February 14, 1874, for which he had paid the premium in full, procured from the defendant company a policy of insurance for three years on the same property for the same amount, dated January 5, 1875, paying the premium therefor, and delivering to defendant the Chicago policy with an indorsement requesting the Chicago company to cancel it; and this policy, thus indorsed, was immediately mailed by defendant's agent, for the plaintiff, to the Chicago company. The property was destroyed by fire March 19, 1875, and afterwards plaintiff received a notice from the Chicago company, dated January 10, but postmarked March 20, 1875, that it refused to cancel the policy. *Held*, that said policy had been cancelled by plaintiff on his part; that the Chicago company, by its silence for two and a half months, and until after the property was destroyed, was estopped from denying that it had assented to the cancellation; and that defendant is liable for the loss, even if the validity of its policy depended upon such cancellation.

APPEAL from the Circuit Court for *Winnebago* County.
Action upon a policy of insurance. The facts, as shown by the pleadings and proofs, are these: The plaintiff had an insurance in the American Fire Ins. Company of Chicago, on his dwelling house and contents, to the amount of $600, for a term of five years from February 14, 1874, for which he paid the premium in full. Becoming distrustful of the solvency of that company, he applied to the defendant company to take a risk on the same property, and the latter company issued to him a policy thereon, dated January 5, 1875, for the same

Walters vs. The St. Joseph Fire & Marine Insurance Company.

amount, for three years. The plaintiff paid the premium demanded for such insurance, and the company delivered the policy to him. At the same time the plaintiff produced the American Company policy, and signed an indorsement written thereon by the agent of the defendant, in these words: "Enclosed please find my policy, which I would like cancelled." The policy, with the indorsement thereon, was immediately mailed by such agent, for the plaintiff, to the American Company at Chicago.

The insured property was destroyed by fire March 19, 1875. After the fire, and on or about March 22, the plaintiff received a letter from the secretary of the American Company, dated January 10, but postmarked March 20, 1875, refusing to cancel the policy.

As a defense to the action the defendant averred in its answer, and introduced testimony on the trial tending to prove, that the policy in suit was delivered to the plaintiff on the express condition that it should not take effect until the policy issued by the American Company should be cancelled by that company. The circuit judge submitted that question to the jury, and instructed them that if such was the condition of the contract, and if that company refused to cancel the policy, the plaintiff could not recover. The judge also overruled the claim, that, if liable at all, the defendant was only liable *pro rata* with the American Company.

The jury found for the plaintiff, and assessed his damages at $530.56, which was the whole amount of his loss. A motion for a new trial was denied, and judgment for the plaintiff was entered pursuant to the verdict.

*Charles Barber*, for appellant, argued that the contract of insurance with the American Insurance Company could not be cancelled by either party thereto, without the consent of the other. May on Ins., 68, § 67; Flanders on Ins., 170; *Alliance Mut. Ins. Co. v. Swift*, 10 Cush., 433; *Sands v. Hill*, 42 Barb., 651; *Ætna Ins. Co. v. Maquire*, 51 Ill., 342; *Fab-*

Walters vs. The St. Joseph Fire & Marine Insurance Company.

*yan v. Union Mut. Ins. Co.*, 33 N. H., 233; *Goit v. Ins. Co.*, 25 Barb., 189; *Peoria F. & M. Ins. Co. v. Botts*, 47 Ill., 516; *Boland v. Whitman*, 33 Ind., 64; *Van Valkenburg v. Lennox Fire Ins. Co.*, 51 N. Y., 465; *Wilkins v. Tobacco Ins. Co.*, 1 Cinc., 349; 1 Addison on Con. (Am. ed.), § 361. An insurance policy cannot be cancelled by either insurer or insured, without placing the other party *in statu quo*. It is well settled that a request or notice of cancellation by the company, without a return of, or an offer to return, the premium, amounts to nothing. Flanders on Ins., 171; Marcy on Ins., § 574; *Hathorn v. Germania Ins. Co.*, 55 Barb., 28; 51 Ill., 342. And the reverse of the rule is also true, that a mere request on the part of the insured to cancel the policy, without waiving all claims upon the unearned premiums, or against the company for loss, amounts to nothing. What was there to prevent the plaintiff's compelling the American Company to return him the unearned premium, or even compelling it to pay the amount of the loss in case the property were destroyed by fire before the company annulled the policy? 45 Ga., 244; 51 N. Y., 165; 1 Cinc., 349; 56 Mo., 591. Assuming, then, that at the time of the loss plaintiff was insured in both companies, the loss must be borne by both companies *pro rata*, there being a clause to this effect in both policies. Flanders on Ins., 46; *Fitzsimmons v. City Fire Ins. Co.*, 18 Wis., 234.

*Gabe Bouck*, for respondent:

The American policy was invalid, because plaintiff voluntarily and unconditionally surrendered it when insured by defendant. The insured is at liberty to retire from the contract at any time, having entered into no obligation to remain insured for any length of time. Even if the American company had the right to keep its policy alive, it is estopped by retaining the policy in silence so long after it had been returned with the request to cancel. The first policy having become void, the one in suit must sustain the whole loss.

*Hygum v. Ins. Co.*, 11 Iowa, 21; *Forbush v. Ins. Co.*, 4 Gray, 337.

LYON, J. By returning his policy to the American Company for cancellation, the plaintiff cancelled it on his part; and by retaining the policy two and one-half months, and until after the insured property had been destroyed by fire, without objection to its cancellation, the American Company, by such delay and silence, consented thereto and is now estopped to assert the contrary. Hence the condition upon which *it is* claimed the validity of the policy in suit depends, was fully performed before the insured property was destroyed, and the policy was then a valid and binding obligation upon the defendant to the full extent of the plaintiff's loss.

There being but one insurance upon the property, of course there is no question of apportionment of the loss in the case.

*By the Court.*—Judgment affirmed.