606    SUPREME COURT OF WISCONSIN.    [107

Wicks Bros. vs. Scottish Union & Nat. Ins. Co.

WICKS BROTHERS, Respondent, vs. SCOTTISH UNION & NA-
TIONAL INSURANCE COMPANY, Appellant.

*September 27 — October 12, 1900.*

*Fire insurance: Surrender and cancellation of policy: Agency.*

1. Plaintiff applied to R., an insurance agent, for insurance on its saw-
   mill. Being unable to place the risk, R. applied to C., defendant's
   agent, and procured a policy in defendant to be issued on the mill,
   the policy containing a provision for cancellation by defendant on
   giving five days' notice. When the issuance of the policy was re-
   ported to the home office, defendant immediately notified C. to
   cancel it. C. in turn notified R. of the cancellation, and R. notified
   plaintiff, requesting a return of the policy, and stating that he
   would attempt to procure other insurance. Plaintiff forwarded
   the policy by mail to R., who received it three days after the re-
   ceipt of notice of cancellation, but an hour and a half after a loss
   had occurred, and retained it in his possession until suit was
   brought thereon. *Held,* that the policy was in force at the time of
   the loss, there being no showing of any intention to consent to im-
   mediate cancellation, and R.'s acts being in harmony with a con-
   tinuance of the policy until canceled at the end of five days pur-
   suant to its terms.
2. The right to cancel a policy of insurance does not exist at all except
   by contract, and stipulations to that effect are to be construed with
   reasonable strictness.

APPEAL from a judgment of the circuit court for Douglas
county: JAMES O'NEILL, Judge. *Affirmed.*

Action upon a policy of insurance issued by defendant
upon plaintiff's sawmill, which was destroyed by fire May
14, 1899. The answer was that the policy had been surren-
dered and canceled before the fire. The case was tried by
the court without a jury upon a stipulation of facts. The
facts, briefly stated, are as follows: McBean, plaintiff's
agent, lived in Duluth. In May, 1899, he applied to Rog-
ers-Ruger Company, a corporation doing an insurance busi-
ness at West Superior, for insurance on the sawmill. The
Rogers-Ruger Company was unable to place it, but told him

they would try and secure it. Application was made by the company to Culver & Harper, defendant's agents, and on May 6, 1899, the policy in suit was issued, on the understanding that the two agents were to divide commissions, and that premium should be charged up and collected at the end of the month. The issuance of the policy was reported to the home office at Hartford, Connecticut. On May 11th the defendant wired its agents to cancel the policy as undesirable. Culver & Harper telephoned the Rogers-Ruger Company the policy had been ordered canceled, and they said they would send and get the policy. May 12th the Rogers-Ruger Company wrote to McBean as follows: "The *Scottish Insurance Co.* have ordered the insurance canceled on the Bell Mill. Kindly return us the policy. We will endeavor to replace it in some other company, but it is pretty hard to get them to carry it." May 13th, which was Saturday, McBean mailed the policy to the Rogers-Ruger Company, with a letter stating that he had a chance to sell the mill, and that if insurance could not be secured he did not feel that it was right to allow the matter to stand as it was. At that time the sawmill was leased from week to week to parties who were sawing some logs for the Rogers-Ruger Company, and the understanding was that the mill might be sold at any time in case insurance could not be carried upon it. The letter inclosing the policy was received by Rogers-Ruger Company, Sunday, May 14th, at 12:30. The loss occurred on the same day, about 11 o'clock a. m. The Rogers-Ruger Company held the policy from the time it was so received and until suit was brought. As soon as Culver & Harper received the telegram ordering cancellation of the policy on May 11th, they stamped on their books that said policy was canceled, and credited the amount of the premium they had charged to Rogers-Ruger Company on May 6th. Due proofs of loss were furnished, but the defendant denied liability on the

ground that the policy had been surrendered to Rogers-Ruger Company, as its agent. The court found that the policy was in force at the time of the fire, and gave judgment for plaintiffs, from which defendant has appealed.

*H. H. Grace,* for the appellant.

For the respondent the cause was submitted on the brief of *H. V. Gard.*

BARDEEN, J. The policy in question was in the form required by the laws of this state. It contained a provision that "this policy shall be canceled at any time at the request of the insured, or by the company by giving five days' notice of such cancellation." It is not claimed that there has been any cancellation under the terms of the policy. The argument is, however, that when the policy was delivered to the plaintiff's agent by the Rogers-Ruger Company the latter's agency terminated; that by force of the statute (sec. 1977, Stats. 1898) the Rogers-Ruger Company was the agent of the defendant; and that the surrender of the policy to it by McBean was a surrender to defendant, and the policy became canceled or of no effect when he mailed his letter on the forenoon of May 13th.

There can be no doubt of the fact that the parties to an insurance contract may agree upon terms of cancellation different from those stipulated in the policy. Ostrander, Fire Ins. § 19. The trouble with the argument here is that there is no proof of any such agreement, and no proof of any facts from which such an agreement is properly inferable. The telegram from the home office to Culver & Harper was: "Please cancel seven naught eight; Wicks portable sawmill; undesirable." There is no suggestion that it should be canceled in any other way except under the terms of the policy. The agents telephoned Rogers-Ruger Company that it had been ordered canceled. The company wrote McBean to the same effect, and requested a return of the policy.

Still no suggestion that there was to be any departure from the policy requirements. Without any notice that any different plan was to be pursued than was prescribed by the contract, McBean sent the policy to the Rogers-Ruger Company. Under these circumstances, he had a right to rely upon the assumption that it would be canceled in the regular way, unless we can find something in the case from which an intention to surrender for short cancellation can be inferred. We are satisfied that the case is barren of facts to support any such inference. It is admitted that when the insurance was effected the Rogers-Ruger Company was agent of the plaintiff. It may also be admitted that by virtue of the statute it was also agent of the defendant, acting, in a measure, in a double capacity. *John R. Davis L. Co. v. Hartford F. Ins. Co.* 95 Wis. 226. The two relations were not inconsistent, and, upon delivery and acceptance of the policy, such relationship became terminated. The transaction was closed, because the purposes of the agency had been satisfied. This was the situation when the defendant ordered the policy canceled. Its agents notified the Rogers-Ruger Company of the fact, and, so far as the proof shows, the latter volunteered to send and get the policy. There was no request that this should be done, or authority given in any way to represent the defendant. At that time the Rogers-Ruger Company had an interest in the sawmill arising from the fact that the lessees were sawing their logs. Unless it could be kept insured, the mill could have been sold at any time. So, when they wrote McBean that the defendant had ordered the policy canceled, they also notified him that they would endeavor to secure other insurance. His answer thereto is a tacit acceptance of their offer, for he said: " If we cannot carry insurance, I do not think it is right to allow the matter to stand as it is." If the company was still to represent him in the matter of securing other

insurance, the return of the policy to it was certainly consistent with the idea that they should hold the policy for him until the time limited for cancellation had expired. In absence of proof of express notice that the defendant desired to vary the stipulation for cancellation, the inference arising from the conduct of the parties points strongly toward this conclusion. The risk was undesirable, and it was difficult to secure insurance. The assumption that it was McBean's intention to assent to immediate cancellation does violence to his business judgment. He is presumed to know of plaintiff's rights under the policy, and, under the circumstances, it is quite reasonable to assume that by sending the policy to them he intended nothing more than that they should hold it for cancellation under its terms. There is a lack of any circumstance tending to show an intention to surrender for instant cancellation. Every probability tends the other way. Moreover, the circumstances are deemed sufficient to show that the company was continuing to act as the agent of the plaintiff in the matter as before, and, even if it be admitted that it was also defendant's agent, the absence of any showing of an intention to consent to immediate cancellation is fatal to the defendant's contention. Without such showing the acts of plaintiff's agent must be construed as being in harmony with a continuance of the insurance contract until canceled pursuant to its terms. The right of cancellation does not exist at all except by contract, and stipulations to that effect are construed with reasonable strictness.

The effort to bring the situation within the cases of *Walters v. St. Joseph F. & M. Ins. Co.* 39 Wis. 489, and *Bingham v. Ins. Co.* 74 Wis. 498, must fail because of the marked difference in the terms of the policies. In both of these cases the policies provided that they might be canceled *at any time* by the company on refunding or tendering to the assured a ratable proportion of the premium for the time unexpired.

The circumstances clearly showed that the policies were surrendered with the intention of canceling the insurance.

No further discussion of the case is deemed necessary.

· *By the Court.*— The judgment of the circuit court is affirmed.