BRADSHAW BROTHERS & COMPANY v. FIRE INSURANCE COMPANY
OF COUNTY OF PHILADELPHIA.[1]

May 22, 1903.

Nos. 13,421—(99).

### Fire Insurance—Cancellation of Policy.

Action to recover for a fire loss on an insurance policy of the standard form. Defense, that the policy was cancelled before the loss occurred. *Held*:

1. A policy of insurance can only be cancelled by one of the parties thereto by a strict compliance with its terms as to cancellation, unless such compliance is waived by the other party.

2. A finding and decision of the trial judge herein to the effect that the policy here in question was, pursuant to its terms and stipulations, duly surrendered to the defendant and cancelled before the loss occurred, is not sustained by the evidence.

Action in the district court for Ramsey county to recover $985.57 upon a policy of fire insurance. The case was tried before O. B. Lewis, J., who found in favor of defendant. From a judgment entered pursuant to the findings, plaintiff appealed. Reversed, and new trial granted.

*Armstrong & Begg*, for appellant.

*Brown & Kerr*, for respondent.

START, C. J.

Action to recover for a fire loss on a policy of the standard form issued to the plaintiff by defendant. The defense was a cancellation of the policy before the loss occurred.

The provisions of the policy as to a cancellation thereof, so far as here material, were these:

"The company also reserves the right after giving written notice to the insured * * * and tendering to the insured a ratable portion of the premium, to cancel this policy as to all risks subsequent to the expiration of ten days from such notice."

The findings of fact by the trial judge as to the alleged cancel-

[1] Reported in 94 N. W. 866.

lation of the policy were to the effect following: (7) The firm of C. B. Shove & Co. were fire insurance agents and brokers at Minneapolis, and as such brokers were employed by the plaintiff to procure the policy in question from the defendant. On November 22, 1900, the plaintiff duly delivered the policy to such firm, and authorized them to surrender and deliver the policy to defendant for cancellation in case the surrender and cancellation thereof should be demanded by the defendant, pursuant to the terms of the policy. (8) On November 23, 1900, the defendant, by its agent, F. S. Thompson of Minneapolis, duly notified the plaintiff, through its brokers, C. B. Shove & Co., that it elected to cancel the policy ten days thereafter. C. B. Shove & Co., as such brokers, duly received and accepted service of such notice. (9) On December 3 thereafter the defendant, by and through its agent, duly paid to the plaintiff, through C. B. Shove & Co., the full amount of the unearned premium on the policy, and the plaintiff, by and through its brokers, C. B. Shove & Co., duly surrendered the policy to the defendant for cancellation, pursuant to the terms and stipulations contained therein. (10) On the day last named the policy was, pursuant to the terms and stipulations contained therein, duly cancelled and surrendered to the defendant. As a conclusion of law from the findings, judgment was ordered for the defendant on the merits. Judgment was so entered, from which the plaintiff appealed.

The plaintiff, by proper assignments of error, raises the question of the sufficiency of the evidence to support the several findings of fact we have here set forth. The evidence fairly sustains the seventh finding. It is to be noted, however, that this finding states clearly the precise authority of C. B. Shove & Co. and its limitation. They were only authorized to surrender and deliver the policy for cancellation in case the defendant demanded, pursuant to the terms of the policy, such surrender and cancellation. This finding is not susceptible of any other reasonable construction, and, so construed, it is in accordance with the weight of the evidence.

The other findings may be considered together. Reduced to

their simplest terms, they are to the effect that the defendant duly notified the plaintiff, through its agents, C. B. Shove & Co. that it elected to cancel the policy at the expiration of ten days, who duly received and accepted notice thereof; that the defendant at the expiration of the ten days paid the agents the unearned premium, who surrendered the policy for cancellation pursuant to its terms; and that it was, pursuant to the terms and stipulations therein, duly cancelled by the defendant. This cannot be construed as a finding that C. B. Shove & Co. had any other or different authority than as stated in the seventh finding, for the specific finding as to just what they were authorized to do, as the plaintiff's agents, by necessary implication excludes any other or greater authority by them. Therefore they were not authorized to make any agreement or waiver, express or implied, on behalf of the plaintiff, as to the cancellation of the policy, but they were authorized to receive the notice of cancellation and the unearned premium, and to deliver the policy for cancellation if the defendant complied with the terms of the policy as to its cancellation.

A policy of insurance can only be cancelled by one of the parties thereto by a strict compliance with its terms as to cancellation, unless such compliance is waived by the other party. 16 Am. & Eng. Enc. (2d Ed.) 873. Now the plaintiff never agreed, or authorized its agents to agree for it, to accept a cancellation of the policy, unless it was made pursuant to the terms of the policy. The question, then, is whether the evidence sustains the finding that the policy, pursuant to its terms and stipulations, was duly cancelled and surrendered to the defendant; that is, by the defendant's giving written notice to the plaintiff or its agent of its election to cancel the policy, and paying or tendering the amount of the unearned premium. There is no evidence in the record fairly tending to support such finding. The evidence is practically conclusive that the policy was procured for the plaintiff by C. B. Shove & Co., and delivered to it; that thereafter, at their solicitation, the policy was delivered to them by the plaintiff for the purpose and with the authority stated in the seventh finding, and that the plaintiff in fact never had any notice of the attempted cancellation of the

policy until after the loss by fire occurred; that at the time stated in the finding the defendant, by its local agents, orally notified C. B. Shove & Co. that it wanted the policy cancelled, and asked them if they would accept service of the notice of cancellation; they answered that they would; that ten days thereafter they returned the policy to the agents of the defendant for cancellation, charging them with the amount of the unearned premium, and crediting the plaintiff with such amount on their books, but they never in any manner notified the plaintiff of this transaction until after the fire; and, further, that after the policy was delivered to the defendant it stamped it as cancelled, and has ever since treated it as duly cancelled. This falls very far short of sustaining the finding that the policy was duly cancelled pursuant to its terms and stipulations. The plaintiff's agents, C. B. Shove & Co., had, according to the seventh finding, no authority to waive for it the written notice and the payment of the unearned premium, which were conditions precedent to defendant's right to cancel the policy.

It follows that the judgment must be reversed and a new trial granted. So ordered.