NORTHERN PINE CRATING COMPANY, Respondent, vs. LIV-ERPOOL & LONDON & GLOBE INSURANCE COMPANY, Appellant.

*October 4—October 25, 1910.*

*Fire insurance: Cancellation of policy: Mutual consent.*

1. One party to a policy of insurance can cancel it only by strictly complying with its terms as to cancellation, unless such compliance is waived by the other party.

2. Where by the terms of a fire policy the insurer could cancel it, without the consent of the insured, only as to risks subsequent to the expiration of ten days after notice of cancellation, no cancellation by mutual consent or otherwise than in accordance with the terms of the policy was shown by a letter from an agent stating that upon instruction from the insurer he had that day canceled the policy and credited the insured with the return premium, and a reply acknowledging receipt of the notice, asking if the policy could not be rewritten in one of the agent's other companies, and asking for details of the policy.

APPEAL from a judgment of the superior court of Douglas county: CHARLES SMITH, Judge. *Affirmed.*

This action was brought on an insurance policy containing the following provision:

"This policy may be canceled at any time at the request of the insured, who shall thereupon be entitled to a return of the portion of the premium remaining after deducting the customary short rates for the time this policy shall have been in force. The company also reserves the right, after giving written notice to the insured and to any mortgagee to whom this policy is made payable, and tendering to the insured a ratable proportion of the premium, to cancel this policy as to all risks subsequent to the expiration of ten days from such notice."

It is claimed by appellant that the policy was canceled by mutual consent before the fire, and whether it was canceled is the only question upon this appeal. Both parties asked for a directed verdict, and the court granted the motion of the

plaintiff and directed a verdict in its favor for $1,541.83, upon which judgment was entered and the defendant appealed.

For the appellant there was a brief by *M. H. Boutelle* and *N. H. Chase,* and oral argument by *Mr. Boutelle.*

For the respondent there was a brief by *Luse, Powell & Luse,* and oral argument by *L. K. Luse.*

KERWIN, J.   The facts are undisputed, and the question arises whether they established a cancellation of the policy by mutual consent.   It is conceded by appellant that, under the policy, ten days' notice to respondent was necessary before cancellation could be effected. by it without the consent of the respondent.   But it is contended that the evidence shows a cancellation otherwise than according to the terms of the policy, namely, by mutual consent.   The evidence shows without dispute the execution and delivery of the policy February 28, 1909, running for one year, covering respondent's manufacturing plant at Cass Lake, Minnesota; that on May 31st appellant's state agent for Minnesota instructed the local agent of the company, one Harding, to cancel the policy in suit, at the same time making a memorandum of the instruction on the appellant's policy register kept by Harding; that on June 8, 1909, appellant wrote to Harding confirming the instructions theretofore given to Harding; that on June 19, 1909, Harding, who was cashier in the bank at Cass Lake, took the policy in question out of the bank vault where it was kept by respondent, and mailed it to appellant, and on the same day wrote respondent stating that he had been instructed to cancel the policy and had that day done so and had credited respondent's account with the return premium; that on June 23, 1909, respondent replied to Harding's letter of the 19th acknowledging receipt thereof and asking whether the policy could not be rewritten in one of Harding's other companies, and asking for details of the policy in suit; that

respondent's letter was received by Harding at Cass Lake June 24, 1909, about one hour before the fire in question occurred; that the fire resulted in a loss and damage to respondent of $10,792.84, of which appellant's prorate (if its policy were in force) would be $1,541.83; that two days subsequent to the fire Harding wrote respondent referring to his letter of the 23d received, and saying that he had not had time to make a replacement of the insurance and referring to the fact that the adjusters had arrived and that they were disappointed that respondent was not there so that an adjustment could be had at once.   Appellant denied liability, and respondent made and served proof of loss.

It is clear from the established facts that the appellant could cancel the policy only in the manner provided by the policy without the consent of the respondent.   But it is insisted by appellant that the undisputed facts show a cancellation by mutual consent.   The correspondence between appellant and respondent, which is claimed to work an immediate cancellation of the policy by mutual consent, is perfectly consistent with cancellation according to the terms of the policy "as to all risks subsequent to the expiration of ten days from such notice."   The appellant having the right to cancel only as to risks occurring subsequent to ten days after notice, the respondent was well justified upon the facts in believing that the appellant was proceeding to cancel according to the terms of the policy, and there is nothing in the correspondence or established facts showing that respondent consented to a cancellation otherwise than in accordance with the terms of the policy.   *Wicks Bros. v. Scottish U. & N. Ins. Co.* 107 Wis. 606, 83 N. W. 781; *Davis L. Co. v. Hartford F. Ins. Co.* 95 Wis. 226, 70 N. W. 84.   It is clear that the proceedings to cancel by appellant were adverse proceedings, not by request to respondent to cancel by consent in any manner contrary to the provisions of the policy.   If the appellant desired to cancel by mutual consent so as to immediately terminate all risk

under the policy, the course pursued by the appellant was not well calculated to bring such purpose home to the knowledge of the respondent, and it cannot be said from the record that the respondent ever acquiesced in such purpose. And in the absence of knowledge brought home to the respondent that the purpose of the company was to cancel otherwise than in accordance with the terms of the policy, acquiesced in by the respondent, it must be held that the notice of cancellation was in accordance with the terms of the policy. A policy of insurance can only be canceled by one of the parties thereto by a strict compliance with its terms as to cancellation, unless such compliance is waived by the other party. *Bradshaw Bros. & Co. v. Fire Ins. Co.* 89 Minn. 334, 94 N. W. 866; 16 Cyc. 873; *Hartford F. Ins. Co. v. Tewes,* 132 Ill. App. 321.

Whether, if the policy had been returned to appellant with the consent of respondent and the return premium accepted, this would amount to a cancellation of the policy otherwise than in accordance with its terms, we need not and do not decide, because it does not appear from the record that the respondent ever accepted the return premium, or that it had knowledge that the policy was returned to appellant until after the fire. We are convinced that the policy covered the risk at the time of the fire, therefore the respondent was entitled to recover.

*By the Court.*—The judgment below is affirmed.