ALFRED ARMENT, PLAINTIFF-RESPONDENT, v. METRO-POLITAN LIFE INSURANCE COMPANY, DEFENDANT-APPELLANT.

Decided February 18, 1930.

Before Justices TRENCHARD, KALISCH and LLOYD.

For the appellant, *Perkins & Drewen.*

For the respondent, *Pesin & Pesin* (*Samuel Pesin,* of counsel).

PER CURIAM.

There was a judgment rendered in the First District Court of Jersey City, by the trial judge, sitting without a jury, in favor of the plaintiff below, and against the defendant below, for the sum of $500.

The appeal is before us upon an agreement between the attorneys of the respective litigants, submitting the minutes and proceedings of the trial of the case, as a true transcript of the minutes and proceedings thereof, and agreeing that the same shall be the state of case for appeal.

The plaintiff's action was brought upon a policy of "group insurance" issued by the appellant company to the Bellman Brook Bleachery Company, insuring the lives of those employes of the bleachery company who qualified for the insurance, under the terms and conditions of the policy, and providing also for the payment of benefits to those of such qualified employes who qualified for the insurance, under the terms and conditions of the policy, and providing also for the payment of benefits to those of such qualified employes who should become wholly and permanently disabled while insured under the policy as employes of the bleachery company.

The policy in question contained the following clause: "New employes: Provided, however, that in no place shall any employe be insured hereunder unless and until he has completed an aggregate period of service of six months."

The group policy was issued to the employer September 10th, 1920. At the time of the issuance of the group policy to the employer, the Bellman Brook Bleachery Company, the plaintiff was not one of its employes. The plaintiff became an employe on August 30th, 1922, and his aggregate period of service ended January 30th, 1923, thus, it appears that the full period of the plaintiff's service was five months. We think, therefore, that under the facts stated, the plaintiff was a *new employe,* and in order to have the benefit of the insurance, it was essential that he should be in the employ of the company for a period of service of six months. This he was, evidently, not.

It appears there was a certificate issued to the employer of the plaintiff for delivery to the latter upon his becoming assured and this certificate bears the date of January 30th, 1923, the date upon which he would have become insured under the group policy. The policy issued to the Bellman Brook Bleachery Company also contained the following clause: "Each new employe of the employer shall be insured hereunder on the basis upon which the insurance on the employes was originally granted, such insurance to take effect as and from six months from the time such new employe enters the employment of the employer and begins work."

A plain reading of the policy can lead to no other conclusion than that the basis upon which the insurance was originally granted was that the employes be actually at work on the date when the policy became effective. As to those employes who were then absent, they were to receive the benefit of the insurance after their return to work in good health.

As has already been pointed out, plaintiff's employment began August 30th, 1922, and from the testimony offered in his behalf it appears that on January 30th, 1923, he became completely incapacitated for any employment whatever, but, nevertheless, he was carried on the books of the company and received from his employer payments of moneys for several months subsequent to his becoming incapacitated, and it is to be gleaned from the testimony that the amounts so paid him were equal to the wages which he had been receiving before he became incapacitated.

For the respondent, the contention is, that by reason of his being carried on the books of his employer, his six months period was completed on February 28th, 1923, and that the policy became effective as to him. This would have been so if he had been actually working at that time. He left on January 30th, on the ground that he was incapacitated, and he never returned to work again. We cannot, without distorting the plain meaning of the provision in the policy declaring, "that in no case shall any employe be insured hereunder, unless and until he has completed an aggregate period of service of six months," hold that under the evidence, the

respondent had completed the six months service required by the policy.

It is further contended on behalf of the assured, that because of the delivery of the policy to him, dated the 28th day of February, 1923, which was after a six months period of employment, that that circumstance constituted a waiver of any right on part of the insurer to defeat payment of the said policy because the employe did not complete an aggregate period of six months. The policy delivered to the assured is a certificate of insurance. These certificates are not issued by the employer, but by the insurance company, and are distributed among the employer, manifestly, to be given by the latter to those employes who had actually served six months. The claim is now made that because the issuance of such certificate by the insurance company, on February 28th, 1923, without first inquiring whether the assured was still in the employ of the employer, constituted a waiver by the insurance company of enforcing any defense that it might have on the policy, because of the lack of length of actual service of the employe.

We think this view is palpably unsound. If the insurance company was misled by the fact that it appeared on the books of the employer, or by the representation of the employer that the employe was in actual service of employment six months, and whereas that was not the fact, then it seems to us, such misleading representation would clearly void the policy.

The result reached is, that the judgment of the District Court must be reversed, and judgment is directed to be entered in this court in favor of the defendant-appellant against the plaintiff-respondent.