AMERICAN NATIONAL INSURANCE COMPANY *v.* HAMILTON.

4-4291

Opinion delivered May 25, 1936.

*Thomas E. Sparks* and *Coleman & Riddick*, for appellant.

*J. A. Watkins*, for appellee.

BAKER, J. This suit was filed originally in the Municipal Court of North Little Rock. From a judgment rendered, an appeal was taken to the circuit court of Pulaski county, Second Division, and from an adverse judgment there the insurance company prosecutes this appeal. The complaint alleges a breach of an insurance contract; that the insurance company has refused to be bound by the terms of its policy and has refused to continue the insurance in favor of the insured, and that the insured is entitled to recover damages for an amount equal to the premiums paid, with interest thereon, and, in addition, penalty and attorney's fees. The defendant demurred to the complaint, and the demurrer being overruled, answered, denying the material allegations of the complaint and pleading specifically certain provisions of the policy of insurance not pleaded by the plaintiff. Upon a development of the case, the defendant asked the court to give to the jury a peremptory instruction to find for the defendant. The court refused to do this, but submitted the case upon instructions presenting plaintiff's theory.

If there is any error in this trial, it has arisen out of the failure or refusal of the court to direct a verdict for

the defendant. The contending parties are in substantial agreement about the facts, but differ only in the matter of law applicable thereto.

The principle relied upon by the plaintiff in this case is that announced in the case of *Supreme Council A. L. H.* v. *Black,* 123 Fed. 650, 653, as follows: "According to the clear weight of authority, if an insurance company wrongfully cancels a policy, or otherwise wrongfully renounces the contract, the insured may, at his election, treat the contract as rescinded, and recover back all the premiums he has paid." *Mutual Relief Ass'n* v. *Ray,* 173 Ark. 9, 292 S. W. 396, incorporates this quotation with approval.

We have approved this salutary principle in other decisions, but it remains in this case to determine whether the rule as announced is applicable to the facts and to the policy or contract.

Upon an application made by the appellee the policy issued in this case by the appellant was dated July 12, 1924. For it there was charged a policy fee of $2, a premium of $1.85, which paid for the insurance to the first day of August following. The insurance was to be kept in force by the payment of monthly premiums of $1.85, which were to be paid on the first of the month or within five days thereafter, the grace period. Except for the five days grace period the policy would have expired or lapsed on the first day of each month. There was no extended insurance, no reserve built up by payment of premiums, consequently no cash surrender value. The contract was for term insurance, each payment of premium was a renewal for an additional term of one month.

The insurance was somewhat peculiar. One provision is as follows: "does hereby insure Mrs. Mary Elizabeth Hamilton subject to all the conditions herein contained and indorsed hereon, from 12 o'clock noon, standard time, of the day this contract is dated, until 12 o'clock noon, standard time, of the first day of August, 1924, and for such further periods, stated in the renewal receipts, as the payment of the premium specified in said application will maintain this policy and insurance in force, against death or disability resulting directly and exclu-

sively of all other causes, from bodily injury sustained solely through external, violent and accidental means, said bodily injury being hereinafter referred to as 'such injury,' and against death and disability from any bodily disease or illness, etc.''

There is a further provision in the policy for double indemnity under certain conditions and also health insurance whereby specified amounts would be paid the insured who might become wholly disabled and prevented, by bodily disease or illness, from performing any and all duties pertaining to any business or occupation.

The appellee paid her premiums upon this insurance with more or less regularity until the insurance fell due on the first day of November, 1930. Prior to that time she had frequently been somewhat tardy in the payment of these premiums, that is, her payments were made after the expiration of the grace period. One payment to which attention was called was made perhaps more than twenty days after the expiration of this period, but notwithstanding these delinquencies of a few days from time to time the insurance was kept in full force, and when the insured tendered the November premium in 1930, she sent postal money order for the amount, on November 6th.

On November 7th she received a letter from the company, or its agent, stating: ''We are in receipt of your postal money order for $1.85, which find inclosed. We have had instructions from our home office that we are unable to reinstate you and so are returning your money herewith.''

Very shortly thereafter the appellee had her attorney write a letter complaining to the company about the fact of the return of her premium and the fact that the home office had declined to reinstate the insured. Without attempting to quote from this argumentative letter, it is sufficient to say that the contention made therein, to the effect that her policy had not lapsed, although she was a day or two late in forwarding the premium, was justified. No notice had been given to her that payment must be made strictly within the grace period and the course of business or custom followed prior thereto justified the belief that the premiums would be continued to be ac-

cepted as they had been in the past. *Columbian Mutual Life Ins. Co.* v. *High,* 188 Ark. 798, 67 S. W. (2d) 1005.

The company, however, appreciated this fact and, responding to the attorney, admitted that the policy had not lapsed, but stated that the act of the company was merely a refusal to renew the insurance. Upon receipt of this letter, negotiations between the parties seem to have ceased, and nothing else was done about the matter until the complaint was filed in the municipal court of North Little Rock on May 14, 1935.

There was incorporated in the complaint filed the letter written by the insurance company on November 7, 1930, in which the company had stated that it was unable to reinstate the insured. There was also incorporated therein § 16 under the standard provisions of the policy which reads as follows: ''The company may cancel this policy at any time by written notice delivered to the insured or mailed to his last address as shown by the records of the company, together with cash or the company's check for the unearned portion of the premiums actually paid by the insured, and such cancellation shall be without prejudice to any claim originating prior thereto.''

Plaintiff, appellee, pleads that she had no notice of the intention to cancel the policy. With this allegation of her complaint we disagree. The letter of November 7 declining ''to reinstate'' clearly could have indicated nothing else to the insured except that the company did not intend to be bound longer by the contract of insurance. The effect of the return of the premium indicated the same fact.

The above quoted provision of the policy does not prescribe what form the written notice shall take. It must, therefore, be seen that such notice as will reasonably apprise the insured that the company does not intend to be longer bound by the contract is sufficient. Certainly the letter sent to her attorney, that the company refused to renew the contract, was not susceptible of any other interpretation than that placed upon it by the insurance company. It will be observed that from the first foregoing quotation from the policy that the insurance

was one of renewable terms, which could be renewed only at the instance of the insurer by the issuance of a receipt for money accepted by the company.

The insured advances a theory that the insurance was canceled because she was late in her payments. She may be correct. Whatever may have been the excuse or reason for delay in the payment of premium, the course of business or custom to accept payment, although made out of time according to the strict letter of the contract, could have had but one effect, and that was to prevent the company from successfully denying liability in accordance with the terms of the policy if such liability had accrued while the policy was in full force and effect, or when it should have been reasonably deemed to have been in full force and effect, on account of the tender of payments made in the usual or ordinary manner, though perhaps a few days beyond the days of grace. The authorities cited by appellee, particularly *Columbian Mutual Life Ins. Co.* v. *High,* 188 Ark. 798, 67 S. W. (2d) 1005, would have been applicable in the event the appellee had suffered an accident during the month of November, after the tender of her premium on the 6th day of that month, but she did not suffer such accident, nor did the company become otherwise bound to her or liable on account of any condition or provision of the policy of insurance. Had such accident or liability occurred shortly after the tender of this premium and the question of the sufficiency of the notice of cancellation had arisen, then the rule announced in *Commercial Standard Ins. Co.* v. *Waller,* 190 Ark. 636, 80 S. W. (2d) 78, would have been applicable.

The question here, however, is not one of liability for insurance under any provision of the policy. Therefore the authorities cited and relied upon have no application.

Appellee sues here upon an entirely different theory. She says the insurance company has repudiated the contract and refuses to be bound thereby. On that account she is entitled to recover the amount she had paid in premiums. The appellee has shown by her original pleading filed in this case the right under the contract of in-

770

surance existing in favor of the insurer to cancel the insurance at any time. If it has in its hands at the date of cancellation any unearned premium, it must return such unearned premium. On the date the appellant refused to renew this insurance for another month, it returned to the appellee her postal money order just received. It did not violate any provision of the policy in so doing, but acted in accordance with its provisions. This was not a breach, but the exercise of a contractual right and for which there can be no liability. *Runkle* v. *Citizens Ins. Co.*, 6 Fed. 143; *Certificial Ice Co.* v. *Reciprocal Exchange*, 192 Ia. 1153, 184 N. W. 756; *Northern Pine Crating Co.* v. *Liverpool & London & Globe Ins. Co.*, 143 Wis. 433, 128 N. W. 70. See also *Davidson* v. *German Ins. Co.*, 74 N. J. L. 487, 65 Atl. 996, 13 L. R. A. (N. S.) 884, and notes; *National Union Indemnity Co.* v. *Standard Accident Co. of Detroit*, 179 Ark. 1097, 20 S. W. (2d) 125.

We cannot make contracts between the parties, but we must enforce them as they are written.

It follows the court erred in not directing a verdict for the defendant. The case has been thoroughly developed. It could serve no purpose to remand. The judgment is, therefore, reversed, and the cause dismissed.