J. E. BROOKS *v.* RENNER and Company Inc. et al

5-4267                                    419 S. W. 2d 305

Opinion delivered October 16, 1967

*Murphy & Burch,* for appellant.

*Putnam, Davis & Bassett,* for appellees.

LYLE BROWN, Justice. Suit was filed by J. E. Brooks, plaintiff-appellant, against Renner and Company Inc., a Fayetteville insurance agency, and Commercial Standard Insurance Co., with whom Renner placed a substantial part of its business. The sole issue below was whether a Commercial Standard auto liability policy issued by Renner to J. E. Brooks on June 3, 1964, was in effect on November 2, 1964. On motion for summary judgment the trial court ruled against Brooks.

Brooks resided in Fayetteville continuously for many years. For some ten years he had insured one or more automobiles through the Renner agency. A policy was written annually; however, it carried a four months expiration date. Prior to the stated expiration date, Renner would mail a four months renewal statement and a premium bill. It is Brooks' contention that because of the described business practices, there existed an implied agreement between the parties which bound Renner, in the absence of notification to the contrary, to renew the contract.

In 1963, Brooks moved to Little Rock but maintained his auto liability coverage with Renner. The expiration date on the involved policy was October 3, 1964.

Under date of September 21, 1964, Renner addressed this letter to Brooks at his office in Little Rock:

"Your coverage on your cars under the above policy will expire October 3, 1964.

"In your present situation, it would be best that you secure coverage in Little Rock. You will be able to get better service from an agent there closer to you.

"When you get your other coverage effective 10-3-64, be sure the agent furnishes evidence of the insurance to GMAC on the 4 Dr. Hardtop and the Bank of Arkansas on the Convertible.

"We greatly appreciate having written this coverage for so many years."

The letter to Brooks was received in due course. He is not sure just when he read the letter; it was his general recollection that it was approximately one week after receipt of it. Brooks did not reply to Renner's letter.

Did Renner's letter to Brooks, dated September 21, 1964, constitute notice that the policy would not be renewed? Any doubts and inferences about the content of the letter in this respect must be resolved in Brooks' favor. *Russell* v. *City of Rogers,* 236 Ark. 713, 368 S. W. 2d 89 (1963).

On a motion for summary judgment this court is authorized to ascertain the plain and ordinary meaning of a written instrument. This is permitted only after any doubts are resolved in favor of the party moved against. If doubt exists and makes the meaning ambiguous, there then arises an issue of fact to be litigated. *Elbow Lake Coop. Grain Co.* v. *Commodity Credit Corp.,* 251 F. 2d 633 (1958).

Tested by the stated principles we think there is but one logical conclusion to be reached. It plainly and simply gave notice to Brooks that his policy was not being renewed. It is devoid of any alternative. For example, the letter did not point up the inconvenience of his insurance being written in a city 200 miles distant from his city of residence, and, alternatively, offer to continue writing it if Brooks insisted. Renner gave him the date of expiration. Brooks was told it would be best to secure the coverage in Little Rock. He was advised to notify GMAC and the Bank of Arkansas of the change. Appreciation was expressed for having had Brooks as a customer. This was unequivocally a letter of finale.

Appellant attaches significance to the absence of such a bold statement as "I am not going to continue coverage." That argument is not convincing. *American National Insurance Co.* v. *Hamilton,* 192 Ark. 765, 94 S. W. 2d 710 (1936). There the court held an instructed verdict for the Company should have been granted. Our court said that a notice which reasonably appraises the insured that the insurer is exercising its right not to renew is sufficient. We think Renner's notice meets the reasonableness test.

Finally, appellant argues that if the non-renewal letter of September 21 is interpreted in light of extraneous circumstances, it would be obvious to a jury that the letter was ambiguous; here it is pointed up that Mr. Renner and Brooks were friends and Brooks was a long-standing customer. For those reasons, appellant Brooks concludes, rather inarticulately, that Renner was impliedly obligated to take care of Brooks' insurance needs. We recognize that service agencies are expected to, and usually do, take an interest in the welfare of their regular customers. Ofttimes they render courtesies over and above the obligations created by contracts. That is simply good business.

Concerning appellant Brooks' final argument, we have reviewed the record and conclude it is without mer-

it. To the contrary, the record refutes it. The only variance in the contractual relationship was that Renner accommodated Brooks by not requiring payment of premium in advance. He carried Brooks on open account and the last premium due in June 1964, was not paid until the following November. In all other respects their transactions were handled in accordance with sound business practices. The same procedure for renewal was followed for some ten years. That was Brooks' testimony. Every four months Renner would mail a renewal certificate and render a statement. That was done each time in advance of the expiration date. Ten days in advance of the October renewal date the usual renewal notice and billing were not mailed. In lieu of those, Renner wrote a letter reminding Brooks of the expiration date, advising him to obtain his insurance in Little Rock, cautioning him to notify the automobile lienholders of the change, and thanking him for having "written this coverage for so many years."

If, as now contended by appellant, neither of the parties treated this letter as a non-renewal notice, why did Brooks wait until November 5 to reply? That was three days after one of his automobiles had been involved in an accident in Little Rock.

Affirmed.