Hillsborough, |
 Feb. 4, 1908. |

## BOUCHER v. LAROCHELLE.

| 74   433 |
| f74  501 |

Where there is some evidence tending to establish negligence on the part of
 the defendant and the likelihood of its causing the injury complained of,
 the question of its weight is for the jury.

The rule that the jury cannot be permitted to determine by conjecture
 between two equally probable causes of injury, for one only of which the
 defendant is responsible, has no application unless the existence of a suffi-
 cient cause aside from the negligence charged is conceded or conclusively
 proved.

Where an injury complained of is the natural and probable result of the neg-
 ligence charged, a wrongdoer cannot set up as a defence the bare possibil-
 ity of loss if his wrongful act had never been done.

CASE, for causing the death of the plaintiff's intestate by the
negligent administration of chloroform. Trial by jury and verdict
for the plaintiff. The defendant moved for a nonsuit upon the
ground that there was no evidence of the cause of death. The
motion was denied, and he excepted. Transferred from the Jan-
uary term, 1907, of the superior court by *Peaslee*, J.

*Branch & Branch*, for the plaintiff.

*David W. Perkins* and *Cyprien J. Belanger*, for the defendant.

PARSONS, C. J. The defendant was employed to set a broken
bone in the arm of the plaintiff's child, an infant of the age of
seventeen months. For the purpose of the operation he admin-
istered chloroform, and before the operation was completed the
child died. The plaintiff offered evidence tending to show that
death may result from the negligent administration of chloroform
and of the defendant's lack of care in administering it likely to
produce this result. While the evidence was not without contra-
diction and was not entirely clear and convincing, it cannot be
said there was not some evidence tending to establish each of
these propositions. There being some evidence, the question of
its weight was for the jury. It was for them to determine what
amount or weight of competent evidence was sufficient or insuffi-
cient to convince their minds and warrant them in determining
the matter of fact in dispute. *Deschenes* v. *Railroad*, 69 N. H.

285, 289; *Felch* v. *Railroad*, 66 N. H. 318; 323; *Fuller* v. *Rounce-ville*, 29 N. H. 554, 563, 564. From these facts, in the absence of other sufficient cause for the child's death, the jury could infer that the death resulted from the defendant's lack of care. There would be a direct and visible connection between the negligence charged and the injury complained of.

But the defendant contends that, conceding there was some evidence of the character stated, the conclusion that the death resulted from the negligence proved would be a mere surmise or conjecture, because it appeared from the evidence that the mere administration of chloroform to persons in a certain rare and obscure pathologic condition is sufficient to cause death, and that the fracture of a bone may cause a fatal embolism. The claim is that the death of the child may have been due to its condition, or may have been the direct result of the fracture; and that there-fore the plaintiff failed to prove that the defendant's negligence was the cause of death. Using the word "proof" in the sense of demonstration to an absolute certainty, the defendant's contention could probably be sustained. No such burden rested on the plain-tiff. He was not bound to exclude all possible causes of death. He was required only to make it more probable than otherwise that the fact was as he claimed it. The rule of *Deschenes* v. *Rail-road*, 69 N. H. 285, that the jury cannot be permitted to deter-mine by guess or conjecture between two equally probable causes of the injury, for one only of which the defendant is responsible, has no application unless the existence of a sufficient cause or causes for the injury, aside from the negligence charged, is con-ceded or conclusively proved.

Whether the child's condition was such that the mere admin-istration of chloroform was a sufficient cause of the fatal result, or whether an embolism resulting from the fracture was the cause of the injury, are questions of fact upon which the case discloses little, if any, evidence. If there was evidence tending to establish either cause, it must be assumed in the present posture of the case that the jury were properly instructed as to its legal effect in the decision of the controversy submitted to them, if they found either contention sustained. It is common knowledge that death does not ordinarily follow the proper administration of an anes-thetic, or immediately result from a fractured humerus. The defendant's motion for nonsuit could not be sustained upon the ground suggested, except upon the assumption that one or the other of these claims was conclusively proved by evidence which, in fact, went little farther than to suggest the possibility of their exist-ence. The case is not one of a choice between two or more prob-able causes conceded to exist, but involves merely the power of

the jury to determine as matter of fact the non-existence of the causes which the defendant claimed, if existent, would render the cause of death doubtful.

Where the evidence discloses no connection between the injury and the negligence charged, except a bare possibility that the former resulted from the latter, there is nothing for the jury where it is also possible the injury may be due to other causes. *Deschenes* v. *Railroad*, 69 N. H. 285; *Dame* v. *Car Works*, 71 N. H. 407; *Reynolds* v. *Fibre Co.*, 73 N. H. 126. But where the injury is a natural and probable result of the negligence charged, a wrongdoer "cannot set up as an answer to the action the bare possibility of a loss if his wrongful act had never been done." *Davis* v. *Garrett*, 6 Bing. 716, 724; *Baltimore etc. R. R.* v. *Reaney*, 42 Md. 117; *Beauchamp* v. *Company*, 50 Mich. 163,—45 Am. Rep. 30. It was for the jury to determine what inference should be drawn from the fact that neither party secured or asked for an autopsy.

*Exception overruled.*

PEASLEE, J., did not sit: the others concurred.