FAIR STORE No. 32 *v.* HADLEY MILLING COMPANY.

Opinion delivered April 11, 1921.

1. APPEAL AND ERROR—CREDIBILITY OF WITNESS.—The credibility of a witness, whose testimony in the present case is contradicted by his testimony in a prior suit, is for the jury, and not the court.

2. APPEAL AND ERROR—VERDICT.—It is only where the facts proved in evidence are contrary to some well-known law of nature or mathematics and the like that it is demonstrated beyond controversy that the verdict is based on what is untrue, and what can not be true; in such cases the Supreme Court will declare as a matter of law that the testimony is not legally sufficient to warrant the verdict.

3. APPEAL AND ERROR—VERDICT.—Where the testimony in a case related to matters, situations and conditions which might or might not have existed, the evidence in regard thereto is of a substantial character, and sufficient to support a verdict.

4. EVIDENCE—PAROL EVIDENCE RULE.—In a suit by a seller of flour for the buyer's breach, where the contract was partly written and partly printed, one of its terms reciting, "Specifications one week before date of shipment," parol evidence for defendant buyer that the contract was not to become binding unless the specifications were made by it was inadmissible as varying the written contract.

5. NEW TRIAL—NEWLY DISCOVERED EVIDENCE—DILIGENCE.—In an action by the seller of flour for the buyer's breach, it was not an abuse of discretion to deny the defendant a new trial for newly discovered evidence where defendant had notice of the evidence two months before the trial, and did not exercise due diligence in procuring it.

Appeal from Lonoke Circuit Court; *Geo. W. Clark,* Judge; affirmed.

STATEMENT OF FACTS.

The Hadley Milling Company sued the Fair Store No. 32 to recover damages in the sum of $148.50 for the breach of a contract for the sale of flour by the former to the latter.

The parties entered into a written contract for the sale of the flour, which reads as follows:

"Contract between the Hadley Milling Company, Olathe, Kansas, and ship to Fair Store at England, Arkansas:

When, 30 days,                              f. o. b. ........................
Terms: Arrival draft, B. L. attached.
Through, Bank of England.....

| No. bbls. | Brand. | Size Pkg. | Price |
|-----------|--------|-----------|-------|
| 210 | White Rose Basis | 48 | 11.30 |

"Specifications one week before date of shipment.

"These goods are sold at prices, on terms, and time of shipment specified above, and are not subject to change or countermand without the written consent of both parties. Should either party refuse to fulfill their part of this transaction, the other party shall buy or sell as the case may be, charging the loss to the defaulting party. No verbal conditions or modifications are valid. Shipping instructions to be furnished ten days before shipping date. This order is subject to confirmation by the Hadley Milling Company at their Olathe office.

"The Fair Store No. 32, Buyer,

"C. R. Wood, Salesman."

The plaintiff company received the order and confirmed it.

The defendant refused to send in specifications to the plaintiff. Hence this lawsuit.

The jury returned a verdict for the plaintiff, and from the judgment rendered the defendant has appealed.

*Troy Pace,* for appellant.

1. There is a total lack of evidence to support the verdict.

2. Before an instrument of writing as evidencing a contract becomes binding and enforceable, it must have been executed and delivered as a completed contract. Parol evidence is admissible to show that a writing signed and delivered for the purchase of goods was not in fact signed and delivered as a completed contract, but was conditional only. Our court so holds, and it is sustained by the great weight of authority. 100 Ark. 360; 225 S. W. 326; 140 *Id.* 132; 48 S. E. 768. See, also, 82 N. W. 258; 104 Mo. 549; 104 N. W. 1069; 50 S. E. 262; 75 Pac. 643; 71 Am. St. 235. The writing was ambiguous, and parol testimony was admissible.

*Morris, Morris & Williams,* for appellee.

1. The evidence fully sustains the verdict.

2. The general rule as to the measure of damages was properly applied here. 92 Ark. 116. A new trial

was properly refused, as the verdict is not against the clear preponderance of the evidence. 6 Ark. 86; 94 *Id.* 567.

3. Where the contract provides for the buyer to furnish shipping instructions, his failure to do so constitutes a breach of contract and excuses the seller from making shipment. 207 S. W. 72; 1 N. Y. Supp. 351; 50 N. H. 307; 126 Ill. 294; 75 S. W. 959; 89 *Id.* 544.

HART, J. (after stating the facts). It is first contended that there is no substantial evidence to support the verdict as to the amount of damages sustained by the plaintiff.

The contract provided that, should either party refuse to fulfill it on his part, the other should buy or sell, as the case might be, charging the loss to the defaulting party. Thus the contract itself fixed the method of ascertaining the damages resulting from a breach of it.

The plaintiff is a corporation. Its secretary and treasurer gave his deposition in the case, and testified that the plaintiff purchased wheat with which to manufacture the flour that it had contracted to sell to the defendant; that the same was manufactured into flour and sold to other parties at a loss of $148.50. He gave the names of the firms to which the flour was sold, the amount purchased by each firm, and their places of business.

Prior to bringing this suit, the plaintiff had assigned its claim to another person, and the assignee had brought suit on the claim. The treasurer of the plaintiff gave his deposition to be used on the trial of that case. In it he testified that the plaintiff had purchased wheat with which to fill the order of the defendant at the time it accepted the order, but that the wheat was held in the elevator and sold on December 12, 1917. He said that it was never manufactured into flour at all. Subsequently that suit was dismissed, and the present one instituted.

On his cross-examination in the present case the witness was asked to explain the inconsistency between his

testimony as shown by the two depositions. He attempted to explain the inconsistency between them, but his explanation is not satisfactory.

It can not be said, however, that his testimony in the present case has no probative force. His credibility was a question for the jury, and they might have believed his testimony in the present case, and disbelieved his testimony in the former case. It is only where the facts proved in evidence are contrary to some well known law of nature or mathematics and the like that it is demonstrated beyond controversy that the verdict is based upon what is untrue, and what can not be true. In such cases the court will declare as a matter of law that the testimony is not legally sufficient to warrant the verdict. Where the testimony relates to matters, situations and conditions which might or might not have existed, the evidence in regard thereto is of a substantial character, and, if believed by the jury, is sufficient to support the verdict. *St. L. S. W. Ry. Co.* v. *Ellenwood,* 123 Ark. 428.

Counsel for the defendant offered to prove at the trial that the contract sued on was not signed by the defendant and delivered to the salesman of the plaintiff as a completed contract, but that it was delivered to the agent of the plaintiff upon an agreement between such agent and the defendant that the contract was not to become binding until and unless specifications of the shipment of the flour were made.

The court excluded this testimony from the jury, and the ruling of the court is now assigned as error calling for a reversal of the judgment.

To support his contention, counsel relies on the cases of *American Sales Book Co.* v. *Whitaker,* 100 Ark. 360, and *Standard Sewing Machine Co.* v. *Rainwater,* 146 Ark. 81. We do not think that either of those cases has any application to the case at bar. In the first mentioned case, appellee was permitted to prove that there was a parol agreement that he could return the goods in the event they did not prove to be satisfactory after a thirty-days' trial. It was objected that such testimony

would add to or vary the terms of the written contract. The court held, however, that it was competent to show by parol testimony that it was understood between the parties that the written instrument, although signed, should not be a binding contract until certain precedent conditions should be fulfilled. In other words, the court said that the parol testimony was admissible to show that the written instrument was not delivered as a concluded contract, but was to be held pending the thirty days' trial of the goods to ascertain if they were satisfactory. In the latter case the parol testimony was admitted to show that the sale was not unconditional, but that there was a writing attached to the signed contract, making it a conditional contract. Under the terms of the condition referred to, the seller agreed to put on a sewing machine sale for the buyer and help the buyer until all the machines were sold satisfactory to him. It was further agreed to remove all machines unsold after sixty days.

It will be observed that in neither of these cases did the parol testimony tend to contradict or vary the terms of the written agreement. It only tended to show that the sale was not an unconditional one, but was made upon the conditions shown by the parol evidence.

In the present case the record shows an essentially different state of facts. The contract was partly written and partly printed. One of the written terms was the following: "Specifications one week before date of shipment." The parties wrote this into the contract, and the evident purpose was to provide that the specifications should be a part of the contract, and that they should be given to the plaintiff one week before the plaintiff was required to ship the goods. To allow the defendant to prove by parol evidence that the contract was not to become binding "until and unless specifications of the shipment of flour were made" would be to contradict or vary the terms of the written contract. The written contract having provided that specifications should be made, it is evident that this provision of the contract would be varied by allowing the defendant to prove that the contract

was not to become a binding one unless the specifications were made by it.   Therefore, the offered testimony came within the well-known rule that parol evidence should not be admitted to contradict or vary a written contract and the court properly refused to allow it to go before the jury.

It is also insisted that the court erred in not granting a new trial on account of newly discovered evidence.   The secretary of the plaintiff company testified at the trial that the flour intended for the defendant was sold at a loss on certain days to certain other firms by its traveling salesman.   The newly discovered testimony was to the effect that this traveling salesman would testify that the flour sold to the firms mentioned above was sold by him to them in the usual course of business, and that it was not the flour intended for shipment to the defendant.

The deposition of the secretary of the plaintiff was taken on the 14th day of June, 1920, and the trial of the case was had on the 16th day of August, 1920.   The defendant's place of business was at England, Arkansas, and the trial was had at Lonoke, Arkansas.   Each place was only about twenty miles from Little Rock, where the traveling salesman referred to resided.   He was well known to the manager of the defendant.   The defendant was put on notice as to the plaintiff's claim in the matter when the deposition of its secretary was taken on the 14th day of June, 1920.   Therefore, it had two months within which to ascertain the truth about the matter. This it could easily have done by talking with, or writing to the traveling salesman of the plaintiff at Little Rock. Not having done so, the defendant can not be said to have exercised due diligence in the matter.   It is not even shown by this evidence was not discovered before the trial.

Therefore, the trial court did not abuse its discretion in refusing the defendant a new trial on this account. *Hughes* v. *Sebastian County Bank*, 129 Ark. 218; *Webb* v. *Kansas City Southern Ry. Co.*, 137 Ark. 107; *Williams*

v. *Williams,* 112 Ark. 507; *Dickie* v. *Henderson,* 95 Ark. 78.

We find no reversible error in the record, and the judgment will be affirmed.