ARTHUR E. PELKY, Respondent, v. CHARLES F. KIVLIN,
Appellant.

Third Department, December 28, 1921.

Physicians and surgeons — action to recover damages caused by
   failure of defendant properly to care for plaintiff's broken leg —
   evidence presented question of defendant's negligence for jury
   when overlapping of bones appeared after period of seven weeks —
   verdict not against weight of evidence.

In an action to recover damages caused by the failure of the defendant
   properly to care for plaintiff's broken leg, it was for the jury to determine
   whether the defendant was guilty of negligence, where it appeared that
   the plaintiff was confined to the hospital for seven weeks under the defend-
   ant's care; that when he left the hospital there was an unusual protuber-
   ance on the leg; that on his return to the hospital a month later there
   was an overlapping of the bones, which was removed by a subsequent
   operation, and that the only evidence of plaintiff's contributory negligence
   was that he left the hospital prematurely, which fact was denied by him.
The verdict for the plaintiff was not against the weight of evidence, since
   it was within the province of the jury to say whether the overlapping,
   an unusual condition, and contrary to human experience, was due to the
   negligence of the defendant, especially as the second operation removed
   the difficulty and left the plaintiff's leg in a normal condition.

APPEAL by the defendant, Charles F. Kivlin, from a judgment
of the Supreme Court in favor of the plaintiff, entered in the
office of the clerk of the county of Rensselaer on the 9th day
of March, 1921, upon the verdict of a jury for $1,000, and also
from an order entered in said clerk's office on the 21st day
of March, 1921, denying defendant's motion to set aside the
verdict and for a new trial made upon the minutes,

*T. J. Quillinan,* for the appellant.

*James Farrell,* for the respondent.

PER CURIAM:

The plaintiff was seven weeks in the hospital under the defendant's care for a broken leg. The defendant claims that at the expiration of that time there was no union of the bones. There is evidence that it is " an exception to have a case go seven weeks without knitting." The defendant has offered no explanation of this unusual result. On the other hand, the plaintiff testified that the defendant told him from time to time that the bones were knitting and that the leg was progressing satisfactorily. It appears from the evidence of the plaintiff and his wife and one of the hospital nurses that there was an unusual protuberance on the leg when the plaintiff left the hospital. It is admitted that when he returned about a month thereafter there was an overlapping of the bones and this condition continued until the second operation which gave a satisfactory result. There is no evidence of contributory negligence except that the defendant testifies that the plaintiff left the hospital prematurely and contrary to his orders. But this is denied by the plaintiff who says that the defendant told him he might go home and return in about a month, which the plaintiff did. The evidence was such as to present a question for the jury and their verdict is not against the weight of evidence. They have found on sufficient evidence that when the plaintiff left the hospital there was a union of the bones but that they overlapped. This was so unusual and contrary to human experience that it was within the province of the jury to say that such result was due to the negligence of the defendant, especially as the second operation removed the difficulty and left the plaintiff in a normal condition.

The judgment and order must, therefore, be affirmed, with costs.

Present — JOHN M. KELLOGG, P. J., WOODWARD, COCHRANE, H. T. KELLOGG and VAN KIRK, JJ.

Judgment and order unanimously affirmed, with costs.