HENRY L. BUNIN and Others, on Their Own Behalf and in Behalf of All Other Holders of Mortgage Certificates in Bond No. 370102 Issued by Title Guarantee and Trust Company and Guaranteed by Guarantee No. 181653 Issued by Bond and Mortgage Guarantee Company Who Are Similarly Situated and Who Shall Come in and Be Made Parties Hereto, and Contribute to the Expense of This Action, Respondents, v. TITLE GUARANTEE AND TRUST COMPANY, Appellant.— Order denying motion to dismiss the complaint for insufficiency, or, in the alternative, to require plaintiffs to serve an amended complaint wherein the causes of action are properly united, affirmed, with ten dollars costs and disbursements, with leave to defendant to answer within ten days from service of a copy of the order herein. The complaint is sufficient for the plaintiffs named, as there is an allegation that these plaintiffs tendered their certificates to the defendant before the commencement of the action. This is a necessary prerequisite for the maintenance of the action. (*Voehl* v. *Title Guarantee & Trust Co.,* 266 N. Y. 662.) Lazansky, P. J., Young, Carswell, Davis and Johnston, JJ., concur.

COMMISSIONER OF PUBLIC WELFARE OF THE CITY OF NEW YORK, on Complaint of ROSE VELA, Respondent, v. PHILIP MOHAN, Appellant.— Order of filiation of the Court of Special Sessions of the City of New York, Borough of Queens, adjudging defendant to be the father of the complainant's child, affirmed. No opinion. Lazansky, P. J., Hagarty, Tompkins and Davis, JJ., concur; Johnston, J., dissents, with the following memorandum: The order rests largely upon the contradictory and uncorroborated testimony of complainant. She claims the child was born on August 24, 1932, at the home of a friend and where her aunt resided, but neither the friend nor the aunt was called as a witness. There was no attending physician or midwife. The birth certificate, signed by complainant, was not filed by her until December 20, 1932. Although she knew where defendant resided and was employed, she made no charge against him until after he married and nearly two years after the child was born, and the delay is unexplained. I dissent and vote for reversal and a new trial, on the ground the determination is against the weight of the evidence.

NICHOLAS DICTZ, by NICHOLAS DICTZ, His Guardian ad Litem, and Another, Appellants, v. BARNETT ARONSON, Respondent.— Judgment dismissing the complaint on the merits at the close of the plaintiffs' case in an action to recover damages for alleged malpractice of the defendant, a physician, as the result of an operation performed on the infant plaintiff for removal of his tonsils, reversed on the law and a new trial granted, with costs to appellants to abide the event. We are of opinion that the court erred in refusing to permit the jury to examine the infant plaintiff's throat to determine the results of the operation by comparison with the diagram, in evidence, of a concededly normal throat. We may not say that the injuries of which the plaintiff complains would require more than a layman's knowledge of cause and effect. (*Shaw* v. *Tague,* 257 N. Y. 193; *Benson* v. *Dean,* 232 id. 52; *Carpenter* v. *Blake,* 75 id. 12; *Pelky* v. *Kivlin,* 199 App. Div. 114.) Proof of injuries resulting from the operation, if there be such proof, taken together with the proved admission by the defendant that " I cut it just a little too far " and all the other proofs and circumstances in the case, constitutes, in our opinion, a *prima facie* case. Lazansky, P. J., Young, Hagarty, Carswell and Scudder, JJ., concur.