SAMUEL S. KAUFMAN, BEATRICE E. KAUFMAN, MICHAEL KUHN and EMMA KUHN, for Themselves and on Behalf of All Other Holders of Guaranteed Mortgage

Certificates Issued and Executed by the Defendant TITLE GUARANTEE AND TRUST COMPANY, Purporting to Assign Undivided Shares and Interest in the Bonds and Mortgages Hereinafter Mentioned, Held by Said Defendant, Who Are Similarly Situated, and Who Shall Come in and Contribute to the Expense of This Action, Appellants-Respondents, v. TITLE GUARANTEE AND TRUST COMPANY, Respondent-Appellant, and Others, Defendants.— The plaintiffs brought this representative or class action on behalf of themselves and such other owners of guaranteed certificates as may elect to join in the action and contribute to the expense thereof. These guaranteed certificates were issued by defendant Title Guarantee and Trust Company on one bond and mortgage, each certificate representing an assignment of a proportional share of such investment. It is alleged that such defendant agreed to and did undertake to act as agent and fiduciary of all certificate holders, obtaining for them additional security in the form of a guaranty by another company which it represented possessed sufficient funds and assets to make the certificate holders secure under all circumstances. It is alleged that this defendant has not performed its duties as such agent and fiduciary with fidelity, but in various ways has been faithless to its trust; and among other things it has foreclosed the mortgage and sold the property and permitted another to take title without paying any consideration, whereby the certificate holders have not been paid anything, although their certificates are long past due. Discovery and an accounting are the relief sought. The other defendants are brought in a second cause of action as necessary parties who have or claim title and possession of the premises in conflict with the alleged vested rights of these plaintiffs. No answer had been served by any defendant at the time the motion was made. Defendant Title Guarantee and Trust Company made a motion for an order directing the plaintiffs to serve an amended complaint in which the causes of action in the alleged first cause of action should be separately stated and numbered; for an order dismissing the first cause of action under rule 106 of the Rules of Civil Practice, on the ground that it stated a representative cause of action in tort; and for an order dismissing the second cause of action under rule 106 on the ground that it was insufficient on its face to constitute a cause of action. The court at Special Term denied the motion to dismiss the first cause of action, but required the plaintiffs to serve an amended complaint in which each plaintiff should plead for himself stating his respective rights; and granted the motion to dismiss the second cause of action. On these cross-appeals the order, in so far as it requires the plaintiffs to serve an amended complaint and dismisses the second cause of action, is reversed on the law, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs, on the ground that the plaintiffs have fully stated their interests and that as to them, and to any other parties that may join, the defendant may be furnished with additional information by a bill of particulars or other appropriate motion; and that as to the second cause of action, it should stand as not being inconsistent or in conflict with the first cause of action, but merely brings in different necessary parties and states their interest in the litigation — all tending toward the ultimate relief demanded by the plaintiffs and being within the broad principles of equity pleading. Order, in so far as it denies the defendant's motion to dismiss the first cause of action, affirmed, without further costs. This defendant misconceives the allegations of the complaint in stating that it is a representative action in tort on the

theory that there are allegations of fraud and deceit. As we read the complaint, these allegations are made merely in stating the inducements offered to the plaintiffs to become certificate holders and the violation of the defendant's duty in certain respects as agent and fiduciary, which make it liable in this action for discovery and for an accounting. We are of opinion that this representative action may be maintained. (*Bunin* v. *Title Guarantee & Trust Co.*, 244 App. Div. 746; *Anderson* v. *Title Guarantee & Trust Co.*, 246 id. 631.) Defendant Title Guarantee and Trust Company may answer within ten days from the entry of the order herein. Lazansky, P. J., Young, Carswell and Davis, JJ., concur; Hagarty, J., dissents.