FRED BURCH, Appellant, *v.* JOSEPH GREENWALD, Respondent.

Fourth Department, March 25, 1936.

*H. N. Harrington,* for the appellant.

*Robert E. Dineen,* for the respondent.

PER CURIAM. This is an appeal from a judgment following a nonsuit. Respondent contends that appellant presented no expert testimony that defendant did not show the skill and care consonant with proper and approved practice in his locality. (*Pike* v. *Honsinger,* 155 N. Y. 201.)

We disagree with this claim. Dr. Akana's testimony is fairly to the effect that it was the custom of surgeons in the locality involved, who extracted teeth, to examine the mouth the first thing after extracting teeth and if a bleeding artery is found to clamp or tie it. We deem this to be relevant and competent expert testimony as to the rule of care applying to dentists in the locality when they extracted teeth.

In addition there was sufficient testimony to support jury findings that defendant was in a hurry to get to his dinner after the operation, that he told plaintiff he would be all right, that he made no examination at all of plaintiff's mouth after the operation and that some ten hours after the operation Dr. Akana was easily able to discover the severed artery which was still spurting blood and readily stopped the flow by suturing. We conclude that all this testimony presented a situation from which the jury might reasonably have found lack of suitable skill and care in defendant without

further expert testimony. (*Benson* v. *Dean*, 232 N. Y. 52, 56.) (See, also, *Shaw* v. *Tague*, 257 N. Y. 193, 195, and *Dictz* v. *Aronson*, 244 App. Div. 746.) Whether or not plaintiff contributed to his suffering through his own lack of care was also a question of fact.

All concur. Present — SEARS, P. J., TAYLOR, THOMPSON, CROSBY and LEWIS, JJ.

Judgment reversed on the law and new trial granted, with costs to the appellant to abide the event.