PROVIDENCE WASHINGTON INSURANCE COMPANY *v.* EAGLE MILLING COMPANY, INC.

4-8803                                         219 S. W. 2d 233

Opinion delivered March 21, 1949.

Rehearing denied April 25, 1949.

*Vol T. Lindsey,* for appellant.

*Clayton N. Little* and *William H. Enfield,* for appellee.

ROBINS, J.   The question posed herein is whether 504 broiler chickens, owned by appellee Curtis E. James, were killed by such fire as rendered appellant liable for their value under its insurance policy.   The jury by its verdict found that the chickens were so destroyed and the lower court rendered judgment against appellant accordingly.   This appeal followed.

Appellee James, a chicken raiser, was buying his feed on credit from appellee Eagle Milling Company, and his poultry was covered by a "floater" policy issued by appellant to the Company.   This policy insured, among other things, chickens in which the Company had an interest, against direct loss or damage by fire, but it contained this provision, from which the controversy arises: "This policy does not insure against loss or damage: . . . due to failure or faulty operation of heating stoves, unless fire outside of stoves ensues, and then for loss caused by such ensuing fire only; From any consequential loss except as is specifically insured hereby."

The chickens involved herein were being kept in a brooder house owned by appellee James.   This brooder house was a one-room frame structure sixteen by eighteen feet.   In the center of the room was a coal stove 63 inches in diameter with a large circular metal "hover" or canopy over it.   The stove was controlled by thermostats which ordinarily regulated the heat, but on account of the cold weather the thermostats were "screwed down" to where they would hardly close.   The floor of the room was covered with a litter, which had been there since the chickens were put in the room.   The chickens were eleven weeks old at the time they were killed.

Appellee James testified that on the morning of January 4, 1948, after a very cold night, he found 504 of his chickens in this room dead, and about 22 alive; that the feathers on the dead chickens were burned to various degrees and the dead chickens showed other evidence of having been burned to death; and he also testified that he found about 3 inches of live coals in the stove in which he had the afternoon before put sufficient fuel to keep it burning twenty-four hours. Aside from the burned condition of the chickens there was no evidence in the litter, on the floor, on the walls of the room, or on any part of the building, to show that there had been any fire outside of the stove, which appeared to have been operating normally.

There was other testimony of like import to that of the testimony of appellee James—in fact, there is no serious conflict in the testimony.

Ordinarily, the finding of a trail jury, on a disputed question of fact, is conclusive on this court in reviewing the case. *Lanier* v. *Trammell*, 207 Ark. 372, 180 S. W. 2d 818. And in appraising the sufficiency of the testimony we must give it the strongest probative force that it will reasonably bear in favor of the party successful in the lower court. But the finding of the jury must be based on substantial testimony; and it must not be contrary to admitted physical facts. Here the testimony of appellee James, commendably given without any attempt to color the situation to favor his contention, shows conclusively that the chickens were not burned by any fire outside the stove—in fact, experience and reason teach that there could have been no such fire without some visible evidence thereof on the floor, walls or some other part of the building. The chickens therefore were not killed by a fire such as was insured against under the terms of the policy; and the lower court erred in not granting appellant's motion for a directed verdict in its favor.

The judgment of the lower court is accordingly reversed with directions to dismiss the complaint.